UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CHARLES RAY ROBERTSON** | **CASE NO. 3:22-CV-05679** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JENNIFER BOLINDER THOMAS** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Pending before the undersigned Magistrate Judge, on reference from the District Court, are two motions: (1) a motion to dismiss for lack of jurisdiction [doc. #15], filed by Defendant Jennifer Bolinder Thomas; and (2) a motion to dismiss counterclaim [doc. #17], filed by Plaintiff Charles Ray Robertson. For reasons assigned below, IT IS RECOMMENDED that Defendant's motion to dismiss for lack of jurisdiction be GRANTED, and all claims be DISMISSED WITHOUT PREJUDICE. IT IS FURTHER RECOMMENDED that Plaintiff's motion to dismiss counterclaim be DENIED AS MOOT.

### Background

On October 12, 2022, Plaintiff filed this defamation action under Louisiana Revised Statute 14:47. [doc. #1, p. 3]. Therein, Plaintiff alleges that Defendant defamed his character and caused him financial hardship, mental distress, and other damages. *Id.* at 4.

On November 28, 2022, Defendant filed her answer and counterclaim against Plaintiff, alleging intentional infliction of emotional distress. [doc. #6].

On January 30, 2023, Defendant filed a motion to dismiss for lack of jurisdiction [doc. #15], arguing that the parties lack the required diversity of citizenship for the Court to exercise jurisdiction pursuant to Title 28, United States Code, Section 1332. [doc. #15-1, p. 3]. Plaintiff did not file an opposition.

On January 30, 2023, Plaintiff filed a motion to dismiss counterclaim [doc. #17], arguing that the claim has previously been adjudicated on the merits.

On February 22, 2023, Defendant filed her opposition to Plaintiff's motion to dismiss counterclaim. [doc. #23].

On February 24, 2023, Defendant filed a supplemental memorandum in support of her motion to dismiss for lack of jurisdiction. [doc. #24].

Accordingly, this matter is ripe.

### **Analysis**

It is axiomatic that federal courts are courts of "limited jurisdiction possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted). Thus, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). In other words, the party seeking to invoke federal court jurisdiction bears the burden of demonstrating its existence. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

"A court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Mississippi River Transmission, LLC v. Nadel & Gussman, LLC*, 844 F.3d 495, 497 (5th Cir. 2016) (citations and internal quotation marks omitted). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)

(citation omitted).  Furthermore, a district court should dismiss where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013) (citations omitted).

Unless otherwise provided by statute, federal jurisdiction requires: (1) a federal question arising under federal statutes; or (2) complete diversity of citizenship between adverse parties and an amount in controversy exceeding $75,0000.  28 U.S.C. § 1331; 28 U.S.C. § 1332.

In his complaint, Plaintiff invokes this Court's federal question jurisdiction.[1]  Article III of the Constitution gives the federal courts power to hear cases "arising under" federal statutes. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986).  Although the constitutional meaning of "arising under" may extend to all cases in which a federal question is "an ingredient" of the action, the Supreme Court has "long construed the statutory grant of federal-question jurisdiction as conferring a more limited power." *Id.* (citing *Osborn v. Bank of the United States*, 9 Wheat. 738, 823 (1824); *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 494–95 (1983)).  "[A] case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law.'" *Id.* at 809 (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983)).

Here, Plaintiff alleges that Defendant defamed him. [doc. #1, p. 4].  A state-law defamation claim does not give rise to federal-question jurisdiction under 28 U.S.C. § 1331. *See e.g.*, *Lyons v. Starbucks Coffee Co.*, No. 3:19-cv-2457-S-BT, 2021 WL 2557154, at *2 (N.D. Tex. Apr. 12, 2021).  Plaintiff does not assert any other causes of action.  [doc. #1].  Accordingly, the Court cannot exercise federal question jurisdiction.

---

[1] Plaintiff filed his complaint on a pro se complaint form. [doc. #1].  Under "Basis for Jurisdiction" Plaintiff selected "federal question." *Id.*

Further, Plaintiff does not allege that he and Defendant are citizens of different states. On page 1 of the complaint, Plaintiff says his mailing address is in Mississippi. [doc. #1, p. 1]. On page 3, Plaintiff alleges that he is a citizen of Louisiana. *Id.* "In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship." *Preston v. Tenet Healthsystem Mem'l Med. Center, Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007). "Domicile requires the demonstration of two factors: residence and the intention to remain." *Id.* Here, Plaintiff indicated he is a citizen of Louisiana. Mere residence or maintenance of a mailing address in Mississippi is not sufficient to establish citizenship in Mississippi absent his intent to remain there. Further, in support of her motion to dismiss for lack of jurisdiction, Defendant provided an arrest report dated February 14, 2023, indicating that Plaintiff's current residence is in Monroe, Louisiana. [doc. #24]. This, along with Plaintiff's own assertion of his citizenship, conclusively establishes that Plaintiff is a citizen of Louisiana for the purposes of diversity jurisdiction. Therefore, as Defendant is also a citizen of Louisiana [doc. #1, p. 4], Plaintiff has failed to allege diversity of citizenship as required by Section 1332. Accordingly, the Court cannot exercise diversity jurisdiction.

In sum, this Court lacks subject matter jurisdiction; Plaintiff's defamation action does not arise under federal law, and the parties are not diverse. Therefore, the case should be dismissed.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's motion to dismiss for lack of jurisdiction [doc. #15], be **GRANTED**, and all claims be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion to dismiss counterclaim [doc. #17], be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 7th day of March, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE